IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BRIAN A. GOODWIN and MARIE A. MOSHER GOODWIN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CELINK,<br><br>　　　　　　　　　　Defendant. | Civil Action No. _____ |

# NOTICE OF REMOVAL

Defendant Celink hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the Removal to this Court of the action commenced against it identified below, which is currently pending in the Farmington (Maine) District Court. Removal is appropriate because the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In support of the removal, Celink states as follows:

## THE ACTION

1.　Defendant Celink is a named defendant in a suit filed by Plaintiffs Brian A. Goodwin and Marie A. Mosher Goodwin (the "Plaintiffs") in the Farmington (Maine) District Court, styled *Brian A. Goodwin and Marie A. Mosher Goodwin v. Celink* (the "Action"). *See* **Exhibit 1** – *Summons and Complaint*.

2.　Plaintiff filed the Complaint on or around September 22, 2020. *See* Ex. 1.

## SERVICE

3. Celink was served with a copy of the Summons and Complaint on September 30, 2020.

4. Accordingly, removal is timely as Celink removed the Action within thirty (30) days from receipt of the pleadings.

## PLEADINGS AND NOTICE TO STATE COURT

5. Pursuant to 28 U.S.C. § 1446(a), certified copies of all pleadings, records, orders and proceedings from the Farmington District Court will be filed with this Court. Contemporaneous with the filing of this Notice, Defendant will provide notice to Plaintiffs, and will notify the Farmington District Court of this Removal. *See* **Exhibit 2** – *Notice of Filing of Notice of Removal*.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

### A. This Court has Diversity Jurisdiction Under 28 U.S.C. § 1332.

6. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Title 28 of the United States Code, Section 1332 provides, in pertinent part, that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." *See* 28 U.S.C. § 1332. This Action satisfies both of these statutory requirements.

7. Plaintiffs allege that they are citizens of Maine. *See* Ex. 1, ¶ 1.

8. Plaintiff alleges that Celink "is a corporation having an office and place of business at 3900 Capitol City Boulevard, Lansing, County of Ingham, State of Michigan with a mailing address of P.O. Box 85400, Austin, County of Travis, State of Texas 78708." *See* Ex. 1, ¶ 2.

9. Accordingly, Plaintiffs' allegations that they are citizens of Maine and that Defendant Celink is not a citizen of Maine establish complete diversity under 28 U.S.C. § 1332.

10. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiffs seek to recover, or the financial impact the relief sought would have on the Defendants. *See Richard C. Young & Co. v. Leventhal,* 389 F.3d 1, 3 (1st Cir. 2004) (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."). "In cases that seek equitable relief against foreclosure sales, the *fair market value of the property* to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." *Bedard v. Mortg. Elec. Registration Sys., Inc.,* No. 11-cv-117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (emphasis added) (citing cases); *see Neenan v. CitiMortgage, Inc.,* No. 13-cv-435-JD, 2013 WL 6195579, at *2 (D.N.H. Nov. 26, 2013); *Hersey v. WPB Partners, LLC,* No. 10-cv-486-LM, 2011 WL 587959, at *2 (D.N.H. Feb. 8, 2011) (argument "that the amount in controversy exceeds $75,000 because [plaintiff] is seeking to block ... efforts to foreclose on a property worth more than $200,000, which secures a note on which it claims to be owed more than $400,000. ... would be sound" but for the plaintiff's abandonment of that claim.).

11. In addition to seeking damages for alleged violations of 9-A M.R.S. §405, Plaintiffs also seek injunctive relief in the form of an order requiring compliance with a request for an updated payoff statement, acknowledge a payment made on January 27, 2020, or in the alternative an order that Celink arrange for a recording of a discharge of the mortgage. Specifically, Plaintiffs

allege that they endorsed a check for insurance proceeds in the amount of $108,855.87 and sent it to Celink to payoff the outstanding mortgage debt. Shortly thereafter, Plaintiffs allege they received a 35-day notice letter pursuant to Maine's foreclosure law informing them of an outstanding balance in the amount of $109,943.36. *See* Ex. 1, ¶¶ 8, 10.

12. Here, the amount in controversy requirements is satisfied because Plaintiff alleges that the amount in controversy is $108,855.87. *See* Ex. 1, ¶¶ 8, 10; *see also* Ex. A, Exhibits C and D.

13. Further, according to the mortgage instrument, the face value of the loan is $180,000. A true and accurate copy of the mortgage, which is recorded in Book 2971, page 277 at the Franklin County Registry of Deeds, is attached hereto as **Exhibit 3**. Thus, the amount in controversy requirement is also satisfied even if the Court considers the face value of the loan at issue. *See McKenna v. Wells Fargo Bank, N.A.*, 639 F.3d 207, 212 (1st Cir. 2012) (amount in controversy requirements satisfied by, inter alia, evidence of face value of the loan); *see also Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

14. Thus, both jurisdictional requirements of 28 U.S.C. § 1332 are satisfied.

## CONCLUSION

15. This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332.

16. If any questions arise as to the proprietary of the removal of this matter, Celink requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

WHEREFORE, Celink respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Farmington District Court.

Respectfully submitted,

CELINK,

By its Attorneys,

Dated: October 16, 2020

*/s/ Kevin P. Polansky*
Kevin Polansky (Maine Bar No. 005516)
kevin.polansky@nelsonmullins.com
Lyndsey A. Stults (Maine Bar No. 006292)
Lyndsey.stults@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square
Boston, MA  02109
(617) 217-4720
(617) 217-4710 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16 day of October, 2020, a true and accurate copy of the above Notice of Removal has been served upon all parties and counsel of record identified below, via first-class mail as follows:

Paul H. Mills, Esq.
163 Main Street – Box 608
Farmington, Maine

*/s/ Kevin P. Polansky*
Kevin P. Polansky